UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN MCKEON, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>CENTRAL VALLEY COMMUNITY SPORTS FOUNDATION and JEFF BLAIR,<br><br>   Defendants. | Case No. 1:18-cv-0358-BAM<br><br>ORDER GRANTING IN PART and DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. 40). |

**I. INTRODUCTION**

On March 13, 2018, Plaintiffs Megan McKeon and Tina Neal, individually and as guardian ad litem of her daughter Laila Neal (collectively, "Plaintiffs") filed a complaint against Defendants Central Valley Community Sports Foundation ("CVCSF") and Jeff Blair ("collectively Defendants"), alleging that Defendants implemented a discriminatory policy in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), and its California equivalent, the Unruh Act, see Cal. Civ. Code § 51. (Doc. 1). The parties are presently before the Court on Plaintiffs' motion for leave to file a second amended complaint. (Doc. 17).

On December 7, 2018, the Court held a hearing on the motion before the Honorable Barbara A. McAuliffe, United States Magistrate Judge.[1]  Counsel Rachelle Taylor Golden appeared in person on behalf of Plaintiffs.  Counsel Keith White appeared in person on behalf of Defendants Central Valley Community Sports Foundation and Jeff Blair.  (Doc. 44).  Having considered the record, the parties' briefing and arguments, and the relevant law, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for leave to file a second amended

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305. (Docs. 31, 32).

1

complaint.

## II. BACKGROUND

Plaintiffs' first amended complaint alleges that Megan McKeon is a "physically disabled" individual who at all times uses a wheelchair or arm braces for mobility, due to a severe burn she sustained as a child. First Amended Complaint ("FAC") at ¶ 6, Doc. 17. On June 26, 2016, Plaintiff Megan McKeon visited Gateway Ice Center, an ice-skating rink owned by Central Valley Community Sports Foundation and managed by Jeff Blair. FAC at ¶¶ 9, 10. On the day of McKeon's visit various employees, including General Manager Jeff Blair, told Plaintiff McKeon that she would not be able to use her wheelchair on the ice during the general skating session. FAC at ¶ 13; Declaration of Rachelle Taylor Golden ("Golden Decl."), ¶ 4, Exh. C.

On January 6, 2017, Plaintiff Tina Neal, was told by a Defendants' staff member that her daughter, Laila Neal, would not be allowed to be on the ice in her wheelchair. On January 8, 2017, not wanting her daughter to miss a birthday party, Plaintiffs Tina and Laila Neal went to Defendants' ice rink and were prohibited from participating in ice-skating activities. FAC at ¶ 14; Golden Decl. ¶ 4.

On March 13, 2018, Plaintiffs filed suit for their claims of discrimination pursuant to Title III of the Americans with Disabilities Act and its California counterpart, the Unruh Civil Rights Act against Defendant Central Valley Community Sports Foundation ("CVCSF") and Defendant Jeff Blair. On June 8, 2018, the parties filed a stipulation to allow Plaintiffs to file a First Amended Complaint, which was subsequently filed on June 13, 2018. (Docs. 15, 17). No new parties, nor new causes of action were alleged. Defendants filed their Answer on June 25, 2018. Initial Disclosures were exchanged on August 17, 2018. On September 12, 2018, an Early Settlement Conference occurred, which was unsuccessful to secure a resolution of this suit.

On October 18, 2018, Plaintiffs filed the instant motion for leave to file a second amended complaint. By amendment, Plaintiffs seek to add two additional defendants: Fresno Skating Center, Inc. ("Fresno Skating") and United States Congressman Terrance J. Cox ("T.J. Cox"). Plaintiffs allege that Fresno Skating "owns, operates and/or leases the property known as Gateway Ice Center located at "2473 N. Marks Avenues, Fresno, California 93722." SAC at ¶

12. Plaintiffs also allege that at the relevant times T.J. Cox was the Chief Financial Officer of Gateway Ice Center. Plaintiffs also seek to add three causes of action for (1) violation of Section 504 of the Rehabilitation Act; (2) Intentional Infliction of Emotional Distress ("IIED"); and (3) Negligent Infliction of Emotional Distress ("NIED").

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). But amendments "seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432. The four factors commonly used to determine the propriety of a motion for leave to amend are bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *DCD Programs*, 833 F.2d at 186.

## IV. DISCUSSION

On November 21, 2018, Defendants filed an opposition to Plaintiffs' motion. Defendants' written opposition does not contend that Plaintiffs' motion to add new defendants and causes of action would result in substantial prejudice or that Plaintiffs have acted in bad faith by seeking leave to amend. Instead, Defendants primarily contend that granting leave to amend would be futile because the proposed amendment fails to state a claim against Fresno Skating and T.J. Cox under the ADA.[2]

### A. Futility of Amendment

---

[2] Defendants also mention that Plaintiffs' motion should also be denied because the motion lacks "good cause." (Doc. 41 at 19). However, the Rule 16(b) good cause standard does not govern the instant motion for leave to amend. Fed. R. Civ. P 16(b). The scheduling order issued on August 8, 2018, required that motions to amend be filed by November 2, 2018. (Doc. 34). Plaintiffs filed their motion to amend on October 18, 2018—two weeks before the amendment deadline set forth in the scheduling order. Thus, for the instant motion, the liberal Rule 15(a) is the relevant governing standard for granting leave to amend.

3

It is well-established that the Court may deny leave to amend if amendment would be futile. *Serra v. Lapin*, 600 F.3d 1191, 1200 (9th Cir. 2010); *Gardner v. Martino*, 563 F.3d 981, 990–92 (9th Cir. 2009); *Deveraturda v. Globe Aviation Security Services*, 454 F.3d 1043, 1046 (9th Cir. 2006); *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Futility is a measure of the amendment's legal sufficiency. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment ... that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988).[3] Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc*., 451 F.Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991) ("A district court does not err in denying leave to amend ... where the amended complaint would be subject to dismissal." (citation omitted)).

### i. ADA Claim Against Landlord – Fresno Skating Center, Inc.

Plaintiffs seek to add real property owner Fresno Skating as a new defendant. To state a claim for discrimination under Title III of the ADA against Fresno Skating, Plaintiffs must allege that (1) he or she is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Defendant denied public accommodations to Plaintiff because of his or her disability. 42 U.S.C. § 12182(a); *Molski v. M.J. Cable, Inc*., 481 F.3d 724, 730 (9th Cir. 2007).

Defendants argue that the proposed amendment is defective because it fails to meet the minimal Rule 8 pleading standard, and amendment is therefore futile. Specifically, Defendants argue that Plaintiffs cannot and do not allege that Fresno Skating "implemented" a discriminatory policy, practice, or procedure in violation of the ADA. Unlike other more common ADA "architectural barriers" cases, mere ownership of Gateway Ice Center is insufficient to trigger liability against Fresno Skating for CVCSF's discriminatory policy. (Doc. 41 at 12). Defendants

---

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) rejected the "no set of facts" test for motions to dismiss for failure to state a claim. However, even after *Twombly* and *Iqbal*, the Ninth Circuit has continued to apply the "no set of facts" test to motions for leave to amend. *See, e.g., Missouri ex rel. Koster v. Harris,* 847 F.3d 646, 656 (9th Cir. 2017).

argue that when an ADA claim is based only on a discriminatory policy by the tenant/operator of a business, absent an affirmative act by the property owner, the property owner cannot be held responsible for the tenant's discrimination.

In support of their argument, Defendants cite *Haynes v. Wilder Corp. of Delaware*, 721 F. Supp. 2d 1218 (M.D. Fla. 2010), in which a wheelchair-bound, disabled plaintiff sued the owner/operator of a recreational vehicle resort, of which the plaintiff was a resident, under the FHA and Title III of the ADA. In *Haynes*, residents of the RV resort which was owned and operated by the defendant formed a neighborhood association which planned social activities for the RV resort's residents. *Id.* at 1221. The plaintiff claimed that the defendant violated the ADA's prohibition on discrimination by public accommodation by refusing to insure equal participation in neighborhood association activities taking place on the defendant's premises. *Id.* at 1227. On summary judgment, the court found that the plaintiff's ADA claim failed because:

> [a]lthough a landlord must comply with the public accommodation requirements of the ADA (and cannot avoid ADA compliance merely by leasing a public accommodation), the ADA does not require a landlord to ensure that a tenant (or a group of tenants) includes every neighbor at an event. A landlord incurs liability only if the landlord implements a discriminatory policy, practice, or procedure. . . .
>
> [T]he Neighborhood Association - an unincorporated group of neighbors informally responsible for planning "events" at Rice Creek - is not an agent for the defendant. The defendant neither manages, nor organizes, nor supervises the events planned by the Neighborhood Association. . . . Neither the FHA nor the ADA requires a landlord to intervene in a purely private dispute among tenants.

*Haynes*, 721 F. Supp. 2d at 1220. The court found the landlord was not liable for alleged discrimination by tenants against handicapped personals, absent the landlord's implementing or enforcing the discriminatory policy, practice, or procedure.

Plaintiffs argue that the proposed amended complaint gives fair notice to the new defendants that they are responsible under the ADA as owners of the property and are responsible for the discriminatory policy. Plaintiffs argue that the new defendants "own, operate and/or lease the real property" is a plausible allegation that Fresno Skating "had a hand in creating the discriminatory policy." (Doc. 42 p. 4-5)

Here, Plaintiffs' proposed amended complaint fails to plead a plausible ADA claim

5

against Fresno Skating. Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The Court finds the allegations in Plaintiff's proposed amended complaint to be factually deficient and conclusory. The complaint lumps defendants together and fails to adequately distinguish claims and alleged wrongs among defendants. Plaintiffs' ADA claim must sufficiently plead factual allegations that "Defendant denied public accommodations to Plaintiff because of his or her disability." To do so, Plaintiffs must allege more than generic and conclusory allegations demonstrating that "Defendants" collectively engaged in discrimination and allege with at least some degree of specificity the acts which each defendant is alleged to have engaged in which support Plaintiff's claims. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977); *also see McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). The only specific allegation with respect to Fresno Skating states "Fresno Skating Center, Inc. is a California Corporation which, upon information and belief, owns, operates and/or leases the property known as Gateway Ice Center located at "2473 N. Marks Avenues, Fresno, California 93722." SAC at ¶ 12. As alleged, Plaintiffs' theory of liability is based solely on Fresno Skating's status as owner/lessor of the real property, but because the ADA requires Plaintiffs to allege that "Defendant den[ied] public accommodations to Plaintiff because of his or her disability," Plaintiffs may not rely purely on ownership, but must allege specific conduct. Thus, Plaintiffs must state facts that Fresno Skating participated in the discriminatory conduct. Plaintiffs' failure to plead that Fresno Skating knew of and participated in the wheelchair policy

6

and/or implemented the policy banning wheelchairs on the ice renders the amended complaint insufficient to state an ADA claim against Fresno Skating.[4]

Plaintiffs also fail to allege that Fresno Skating had the capacity or the ability to modify the policy of its tenant Gateway Ice Center. While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555).

In short, other than Plaintiffs' conclusory allegations attributing discrimination to the entire group of defendants, Plaintiff fail to allege and facts that would lead to an inference that Fresno Skating participated in discriminatory conduct. Because Plaintiffs have failed to state sufficient facts in support of their claims that Fresno Skating "denied public accommodations to Plaintiff because of his or her disability," Plaintiffs' motion for leave to amend to add Fresno Skating is DENIED, without prejudice.

### ii. ADA liability against Board Member Terrance J. Cox

Plaintiffs next argue that T.J. Cox violated the ADA because as the Chief Financial Officer of CVCSF, he knew or should have known of its written discriminatory policy. (Doc. 40-2 at 6). Plaintiffs' factual allegations, however, fail to state an ADA claim against T.J. Cox.

Title III of the ADA prohibits discrimination "by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added); *see also PGA Tour, Inc. v. Martin*, 532 U.S. at 676–77, 121 S.Ct. 1879. Plaintiffs have not alleged facts sufficient to show that T.J. Cox is subject to Title III—that he "owns, leases ..., or operates a

---

[4] At oral argument on this motion, Plaintiffs' counsel stated she had additional facts which could be alleged to link the conduct of Fresno Skating to the discriminatory policy. Those facts are currently not before the Court, and therefore are not considered in its ruling. The Court, however, considers that argument in determining whether to extend the Scheduling Order deadline. (See "Conclusion," *infra*.)

place of public accommodation." 42 U.S.C. § 12182(a). The Ninth Circuit has defined the term "to operate" for purposes of Title III of the ADA as "to put or keep in operation," "to control or direct the functioning of," or "to conduct the affairs of; manage." *Lentini v. Cal. Ctr. For the Arts*, 370 F.3d 837, 849 (9th Cir. 2004). Because Title III seeks to limit accountability to "those in a position to ensure nondiscrimination," relevant to a determination of whether a defendant is an operator is "whether the individual had the power to facilitate any necessary accommodation." *Id.* (quotation marks and citations omitted). Thus, *Lentini* found that an employee in a position to make and direct employees to implement policy decisions could be liable under Title III of the ADA. *Id.* But, employees who merely implement company-wide policies cannot be personally liable under Title III of the ADA. *See Butler v. WinCo Foods, LLC*, 2013 WL 12076010, at *3 (C.D. Cal. Mar. 11, 2013) (finding that a store manager who merely implements company-wide policy does not "operate" a place of public accommodation under Title III of the ADA); *see also Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1335 (N.D. Cal. 1994) (dismissing Title III ADA claim against a defendant physician who lacked power to control hospital policy).

Here, Plaintiffs do not allege that TJ Cox "owned" or "operated" Central Valley Sports Foundation. The proposed amended complaint merely alleges that T.J. Cox "was the Chief Financial Officer of Gateway during the time of Plaintiffs' visits to Gateway." Decl. at pg. 14, ¶ 12. At best, the proposed amended complaint states that all defendants "controlled or directed the function of the skating activities, and had the power to facilitate any necessary accommodation on the date of Plaintiffs' respective visits." SAC ¶ 22. Plaintiffs must attribute specific facts to TJ Cox as an owner or operator, who participated in the discriminatory policy, instead of indiscriminately attributing alleged wrongful conduct to all Defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As alleged, Plaintiffs' proposed amended complaint is insufficient to show that merely as a board member, T.J. Cox could be individually liable under Title III of the ADA.

Plaintiffs' motion for leave to amend to add TJ Cox as a defendant is DENIED, without prejudice.

   **iii.**   **Rehabilitation Act**

Plaintiffs' proposed amended complaint also seeks to add a claim under section 504 of the Rehabilitation Act of 1973. Section 504 provides, in pertinent part: "No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...."29 U.S.C. § 794(a) (West Supp.1993).

To state a Rehabilitation Act claim, Plaintiffs must allege they (1) are disabled; (2) are otherwise unqualified for the benefit or services they sought; (3) were denied those benefits or services "solely" by reason of their disability; and (4) that the program providing the benefits or services receives federal assistance. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Defendants argue that Plaintiffs' Rehabilitation Act claim is futile because none of the Defendants "receive or distribute any federal funds." (Doc. 41). According to Defendants, CVCSF participates in a tax credit program that allows "private investors that make a qualified investment in a community development entity, a 39 percent tax credit over a seven-year period." (Doc. 41). Defendants argue that because this is a "tax credit program, not a program that is federally funded," Plaintiffs cannot demonstrate that Defendants receive Federal Financial assistance as required by the Rehabilitation Act. (Doc. 41 at 18).

Plaintiffs' allegations are sufficient to state a claim under the Rehabilitation Act against current defendants CVCSF and Jeff Blair and are therefore not futile. Plaintiffs' proposed SAC alleges "Defendants received and used Federal funds for working capital and acquisition financing to maintain operations of the ice rink, for the benefit of the community at large, including Plaintiffs. Defendants received said Federal funds when they knew or should have known of the discriminatory policy it had against persons with disabilities on the date of Plaintiffs' visit." SAC ¶ 33.

Here, Defendants' argument is entirely premised on their disagreement over the factual basis underlying whether Defendants actually receive federal funds, which is not a reason to deny leave to amend. Discovery is the procedure for determining whether Defendants received federal funding. When addressing futility, the Court assumes the truth of the sufficiently plead allegations

in the complaint, which counsel have made subject to their obligations under Federal Rule of Civil Procedure 11. Defendants may produce evidence that CVCSF and/or Jeff Blair do not receive federal funds within the meaning of the Rehabilitation Act, and move for summary judgment on this issue. At this point, however, the Court GRANTS Plaintiffs' Motion for leave to Amend on this claim as to the defendants already in this case.

### iv. Fourth and Fifth Causes of Action for IIED and NIED

Finally, Plaintiffs seek to add two causes of action for IIED and NIED. Defendants argue that Plaintiffs' motion should be denied because there are no viable allegations of any act or omission by proposed Defendants Fresno Skating and TJ Cox sufficient to satisfy the pleading requirements of IIED and NIED. (Doc. 41 at 18).

An IIED claim requires (1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard for the probability of causing, emotional distress; (2) actual suffering of severe emotional distress by the plaintiff; and (3) actual and proximate causation of that distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050, 95 Cal. Rptr. 3d 636, 209 P.3d 963 (2009). To meet the extreme and outrageous standard, the behavior must be "so extreme as to exceed the bounds of that usually tolerated in a civilized community." Id. at 1050-51. NIED does not require intentionally outrageous conduct but instead "is a form of the tort of negligence, to which the elements of duty, breach of duty, causation, and damages apply." *Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal. 4th 124, 129, 24 Cal. Rptr. 2d 587, 862 P.2d 148 (1993).

Plaintiffs' pleadings fail to demonstrate the negligence necessary to establish NIED and does not allege extreme conduct to approach the high bar of IIED's outrageous conduct. Plaintiffs have failed to plead specific facts sufficient to state an IIED or NIED claim. Instead, Plaintiffs simply recite the elements of emotional distress claims, which is insufficient to survive a motion to dismiss and therefore futile. *See Gilmore*, 75 F. Supp. 3d at 1261; *Iqbal*, 556 U.S. at 678.

Accordingly, Plaintiffs' request to add NIED and IIED causes of action is DENIED, without prejudice.

## IV. CONCLUSION and ORDER

Despite the deficiencies identified above, the Court recognizes the leniency embodied in the spirit of Rule15(a). Accordingly, the Court *sua sponte* finds good cause to continue the amendment deadline set forth in the Court's scheduling order. (Doc. 34). All stipulated amendments or motions to amend shall be filed by February 15, 2019. All other deadlines shall remain as set in the scheduling order issued on August 8, 2018. (Doc. 34). Any motion to amend filed on or before the February 15, 2019, shall be governed by the more liberal Rule 15(a) standard.

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiffs' motion for leave to file a second amended complaint is GRANTED in PART and DENIED in PART as follows:

1. Plaintiffs' motion for leave to add Fresno Skating Center, Inc. as a Defendant is DENIED, without prejudice;
2. Plaintiffs' motion for leave to add Terrance J. Cox as a Defendant is DENIED, without prejudice;
3. Plaintiffs' motion for leave to add a cause of action for violation of Section 504 of the Rehabilitation Act is GRANTED;
4. Plaintiffs' motion for leave to add causes of action for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress is DENIED, without prejudice.
5. Plaintiffs shall file their second amended complaint, in compliance with this Order, within five days of the date of service of this order.
6. The Amendment Pleadings deadline is CONTINUED to February 15, 2019.

IT IS SO ORDERED.

Dated: **December 7, 2018**         /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE