UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN MCKEON; LAILA NEAL, a minor by and through her guardian ad litem TINA NEAL; and TINA NEAL,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL VALLEY COMMUNITY SPORTS FOUNDATION, a non-profit corporation dba GATEWAY ICE CENTER; and JEFF BLAIR, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00358-BAM<br><br>ORDER GRANTING PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AGAINST FRESNO SKATING CENTER, INC.<br><br>(Doc. No. 57)<br><br>**ORDER THAT FRESNO SKATING CENTER, INC. APPEAR ON MAY 17, 2019, TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH A SUBPOENA**<br><br>**May 17, 2019<br>Dept. 8 (BAM)<br>9:00 a.m.** |

## INTRODUCTION

On February 22, 2019, Plaintiffs filed an application for an order requiring non-party Fresno Skating Center, Inc. to show cause regarding contempt for failing to comply with a document subpoena. (Doc. No. 57.) Defendants did not respond to the application.[1]

---

[1] Defendants will not be prejudiced by the lack of response. The subpoena was directed to a non-party entity and non-expert discovery does not close until June 28, 2019. Defendants also will have an opportunity to address the Court at any show cause hearing.

1

For the reasons set forth below, Plaintiffs' application for an order to show cause regarding contempt against Fresno Skating Center, Inc. is GRANTED.

**BACKGROUND**

Plaintiffs filed this action on March 13, 2018, alleging that Defendants implemented a discriminatory policy in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and state law. (Doc. No. 1.) Based on the stipulation of the parties, Plaintiffs filed a first amended complaint on June 13, 2018. (Doc. Nos. 16, 17.)

On October 18, 2018, Plaintiffs filed a motion to amend the complaint, which was granted in part and denied in part on December 7, 2018. (Doc. Nos. 40, 45.) Thereafter, on December 12, 2018, Plaintiffs filed their second amended complaint alleging that Defendants implemented a discriminatory policy in violation of the ADA, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, and state law. (Doc. No. 47.) Defendants answered the second amended complaint on December 28, 2018. (Doc. 49).

On December 20, 2018, non-party Fresno Skating Center, Inc. was personally served, through its Agent for Service of Process, with a subpoena issued by the Eastern District of California commanding it to produce documents on January 21, 2019, at 10:00 a.m. (Doc. No. 57-2, Ex. A.)

On January 21, 2019, non-party Fresno Skating Center, Inc. served Plaintiffs with written objections to the subpoena. (Doc. No. 57-2, Ex. B.)

On January 28, 2019, Plaintiffs' counsel prepared a meet and confer letter addressed to counsel for Fresno Skating Center, Inc. The letter notified Fresno Skating Center, Inc. that the objections were untimely. The letter also addressed each of the specific objections and provided Fresno Skating Center, Inc. additional time, to February 4, 2019, to provide a meaningful response. (Doc. No. 57-2 at ¶ 5 and Ex. C.) Plaintiffs' counsel did not receive a response. Therefore, Plaintiffs' counsel prepared a follow-up e-mail to Fresno Skating Center, Inc.'s counsel. The e-mail included the letter sent on January 28, 2019, and provided Fresno Skating Center, Inc. additional time, to February 15, 2019, to provide a meaningful response. (*Id.* at ¶ 6 and Ex. D.) As of February 22, 2019, Plaintiffs' counsel had not received a response to the letter

or e-mail and has not received any responsive documents. (*Id.* at ¶7.)

///

**DISCUSSION**

**A. The Subpoena and Service of the Subpoena**

A subpoena served pursuant to Federal Rule of Civil Procedure 45 shall "command each person to do the following at a specified time and place: . . . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control . . . ." Fed. R. Civ. P. 45(a)(1)(a)(iii). Every document subpoena must state the court from which it issued, state the title of the action and its civil-action number, specify the time and place set for the production, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(A)(i)-(iv). Serving a subpoena requires "delivering a copy to the named person," which is interpreted to mean personal service. Fed. R. Civ. P. 45(b)(1). *See Prescott v. Cty. of Stanislaus*, No. 1:10–cv–00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) (noting that a majority of courts interpreting "delivering" to require personal service).

It is undisputed that Fresno Skating Center, Inc. was served with a subpoena commanding it to produce responsive documents and that it failed to comply with the subpoena. The subpoena served on Fresno Skating Center, Inc. complied with the substantive requirements of Rule 45. (Doc. 57-2, Ex. A.) The subpoena indicated it was issued by the United States District Court for the Eastern District of California, stated the title of this action along with the civil-action number, and also indicated that the text of Rule 45(d) and (e) was attached. (*Id.*) The subpoena commanded Fresno Skating Center, Inc. to appear at Hatmaker Law Group, 7522 N. Colonial Avenue, Ste. 105, Fresno, CA 93711, on January 21, 2019, at 10:00 a.m. (*Id.*) The subpoena was served personally on Gary J. Coehlo, II, the agent for service of Fresno Skating Center, Inc. on December 20, 2018, at 10:57 a.m., at 3265 W. Figarden Drive, Suite 201, at the offices of Frame, Matsumoto & Coelho LLP. (*Id.*). Mr. Coelho signed and served Fresno Skating Center, Inc.'s objections to the document subpoena and requests for production. (Doc. 57-2, Ex. B.)

**B. Contempt Proceedings for Non–Compliance with a Valid Subpoena**

Plaintiffs have filed an application for a court order to show cause regarding contempt

pursuant to Fed. R. Civ. P. 45(g). Pursuant to Rule 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court. *Moore v. Chase, Inc.*, No. 1:14-cv-01178-SKO, 2015 WL 5732805, at *2 (E.D. Cal. Sept. 29, 2015); *Morgutia–Johnson v. City of Fresno*, No. 1:14–cv–00127–LJO–SKO, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015) (citing *United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir.2010)). Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion. *Hyatt*, 621 F.3d at 696–97; *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975).

Civil contempt is meant to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). A civil contempt order must include a "purge" condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for the S. Dist. of Iowa*, 235 F.2d 692, 699 (8th Cir.1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."). In imposing civil contempt sanctions, the court must impose the most minimal sanction necessary to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.,* 953 F.2d 510, 517 (9th Cir. 1992). Where the objective of the contempt order is to ensure the contemnor's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probably effectiveness of any suggested sanction in bringing about the desired result." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV–08–00519, 2009 WL 605789, at *3 (C.D. Cal. Mar. 9, 2009).

To establish civil contempt, Plaintiffs must show by clear and convincing evidence that Fresno Skating Center, Inc. violated a specific order of the court. *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir.1999). If Plaintiffs satisfy that burden, then the burden shifts

to Fresno Skating Center, Inc. to show that it took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir.1983). In considering the contemnor's reasons why compliance was not possible, the court may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion. *See Stone*, 968 F.2d at 856–57. If an alleged contemnor's actions were taken in good faith or based on a reasonable interpretation, he should not be held in contempt. *Id.*

Plaintiffs have established that Fresno Skating Center, Inc. violated a specific and definite order of the court by failing to timely comply with a duly issued subpoena, and that objections served on January 21, 2019, were untimely pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).[2] Accordingly, Plaintiffs' application for an order to show cause is GRANTED. *See Morgutia–Johnson*, 2015 WL 1021123, at *3 (finding proper procedure for nonparty subpoena compliance is to issue an order to show cause); *but see Schoonmaker v. Cty. of Eureka*, 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018) (outlining concerns with request for contempt order absent an order to compel and identifying that in recent cases courts have noted that before sanctions can be imposed for non-party's non-compliance with a Rule 45 subpoena there must be a court order compelling discovery).

## CONCLUSION AND ORDER TO SHOW CAUSE

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' application for an order to show cause is GRANTED;

2. Fresno Skating Center, Inc. is ORDERED to appear before the undersigned on **May 17, 2019, at 9:00 a.m. in Courtroom 8 (BAM)**, 6th Floor, United States District Court, 2500 Tulare Street, Fresno, California, 93721 to SHOW CAUSE why it should not be held in contempt for the failure to comply with the subpoena and produce requested documents;

3. Fresno Skating Center, Inc. also shall file a written response to this Order explaining the

---

[2] Rule 45(d)(2)(B) requires that objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." In this instance, objections were due on or before January 3, 2019.

5

failure to comply with the subpoena on or before April 26, 2017.

4. Failure to comply with this order to show cause may subject Fresno Skating Center, Inc. to contempt sanctions, including monetary sanctions; and

5. Plaintiffs are directed to effect service of this order on Fresno Skating Center, Inc. by no later than March 29, 2019, and to file proof of service of this order by no later than April 5, 2019.

IT IS SO ORDERED.

Dated: **March 13, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE