UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN MCKEON; LAILA NEAL, a minor by and through her GUARDIAN AD LITEM, TINA NEAL; and TINA NEAL,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL VALLEY COMMUNITY SPORTS FOUNDATION, a Non-Profit Corporation dba GATEWAY ICE CENTER; and JEFF BLAIR, an individual,<br><br>Defendants. | Case No. 1:18-cv-00358-BAM<br><br>**ORDER REGARDING SUPPLEMENTAL BRIEFING ON MOTION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>(Doc. No. 108) |

On April 23, 2020, Plaintiffs Megan McKeon, Laila Neal, by and through her Guardian Ad Litem Tina Neal, and Tina Neal (collectively "Plaintiffs") filed a motion to approve a compromise with Defendants Central Valley Community Sports Foundation ("CVCSF") and Jeff Blair (collectively "Defendants"). (Doc. No. 108.) Defendants did not oppose the motion.

A hearing on the motion was held on May 15, 2020, before the Honorable Barbara A. McAuliffe. Plaintiffs' counsel Rachelle Taylor Golden appeared by telephone. Defense counsel did nor appear.

///

///

///

1

**I.     Background**

Plaintiffs initiated this action on March 13, 2018, and they assert claims for injunctive relief under the Americans with Disabilities Act, and injunctive relief and compensatory damages under the California Unruh Civil Rights Act.

On February 6, 2020, and February 19, 2020, the parties participated in settlement conferences with the Court and ultimately reached a settlement. (Doc. Nos. 98. 104, 105).  On April 23, 2020, Plaintiffs filed an unopposed motion to compromise the claims of Plaintiff Laila Neal, a 10-year old minor born on April 25, 2010. (Doc. No. 108.)

According to the motion, Plaintiffs accepted Defendants' settlement offer of $125,000.00, with each party to bear its own fees and costs.[1] (Doc. No. 108-2, Declaration of Rachelle Taylor Golden ("Golden Decl.") at ¶ 3.)  Plaintiffs explain that because Plaintiff Tina Neal's claims are wholly derivative of Plaintiff Laila Neal's claims for discrimination, the Plaintiffs have agreed to split the total net recovery amount of $67,372.38, with 50% being received by Plaintiff McKeon, and 50% being received by Plaintiffs Laila Neal and Tina Neal.  Plaintiff McKeon will receive $33,686.19, and Plaintiffs Laila and Tina Neal, collectively, will receive $33,686.19. (Golden Decl. at ¶ 4.)

Plaintiff Laila Neal is unable to care for herself and is wholly dependent upon Plaintiff Tina Neal and her husband for daily care. (Doc. No. 108-3, Declaration of Tina Neal ("Neal Decl.") at ¶ 1.) Plaintiff Tina Neal declares that due to Laila's dependency the total net recovery received of $33,686.19 will be set aside for Laila Neal and will provide for her basic needs, such as food, clothing, housing, and medical care. (Neal Decl. at ¶ 2.)

**II.     Discussion**

Having considered the motion and the terms of the settlement, supplemental briefing from Plaintiffs in support of the motion for approval of minor's compromise is warranted.  As discussed at the hearing, Plaintiffs shall submit supplemental briefing to address the procedural requirements of

---

[1]     The gross settlement amount is $125,000. Although counsel declares that each party will bear its own fees and costs, this does not appear to be accurate. Given that the net settlement amount for distribution to Plaintiffs is identified as $67,372.38, counsel has failed to account for approximately $57,627.62 of the gross settlement amount ($125,000 - $67,372.38 = $57,627.62).

2

1  Local Rule 202(b) and (c).  Specifically, Local Rule 202(b) requires disclosure of the manner in which
2  the compromise amount was determined and any additional information necessary for the Court to
3  determine the fairness of the settlement.  Plaintiffs' motion fails to account for the distribution of
4  approximately $57,627.62 of the gross settlement amount.

5  Further, where, as here, the minor is represented by an attorney, Local Rule 202(c) requires the
6  representation to be disclosed to the Court, including the terms of employment and whether the
7  attorney became involved in the application at the instance of the party against whom the causes of
8  action are asserted, whether the attorney stands in any relationship to that party, and whether the
9  attorney has received or expects to receive any compensation, from whom, and the amount.  Plaintiffs
10 motion fails to provide the disclosure of attorney's interest.  Although Plaintiff is represented by
11 attorney Rachelle Taylor Golden of the Hatmaker Law Group, the motion includes no information
12 regarding the retention of Ms. Golden, any retainer agreement or any expected compensation.

13 Additionally, Plaintiffs have represented that the total net recovery of $33,686.19 will be set
14 aside for the minor plaintiff and will be used to provide for her basic needs, such as food, clothing,
15 housing, and medical care.  The settlement appears to contemplate a lump sum distribution to the
16 minor plaintiff and her mother.  Despite the declaration from Plaintiff Laila Neal's mother that the
17 settlement monies will be used for the minor plaintiff's care, there are no assurances that the single
18 lump sum distribution protects the minor's settlement proceeds from potential loss or waste.  *See*
19 Local Rule 202(e) (contemplating monies be disbursed for the protection of the minor). Plaintiffs will
20 be required to consider and propose a structure for disbursement of settlement funds to the minor
21 plaintiff.

22 Further, the Court notes that parents have the legal obligation, while a child is a minor, to
23 provide for the minor's basic needs, such as food, clothing, housing, and medical care.  The Court
24 does not anticipate permitting use of the settlement funds to satisfy the parents' legal obligations,
25 absent a compelling explanation why such expenditures are warranted before the minor plaintiff
26 reaches the age of majority.

27 **III.    Conclusion and Order**
28 Accordingly, IT IS HEREBY ORDERED that

1. No later than **May 29, 2020,** Plaintiffs shall file a supplemental brief addressing the information required by Local Rule 202, including the structure of the settlement, the attorney's interest and a proposal for disbursement of funds to protect the interests of the minor plaintiff;

2. Upon the filing of Plaintiffs' supplement brief, the motion for approval of minor's compromise will be deemed submitted; and

3. The deadline for submission of dispositive documents is extended until sixty (60) days following the Court's ruling on Plaintiffs' motion for approval of minor's compromise.

IT IS SO ORDERED.

Dated:   **May 15, 2020**                    /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE