1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN MCKEON; LAILA NEAL, a minor by and through her GUARDIAN AD LITEM, TINA NEAL; and TINA NEAL, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTRAL VALLEY COMMUNITY SPORTS FOUNDATION, a Non-Profit Corporation dba GATEWAY ICE CENTER; and JEFF BLAIR, an individual, <br><br> Defendants. | Case No.  1:18-cv-00358-BAM <br><br> **ORDER DENYING PETITION TO ENFORCE THE SETTLEMENT AGREEMENT AND REQUEST TO ENTER JUDGMENT AGAINST DEFENDANTS** <br><br> (Doc. 116) |

Currently before the Court in this closed action is a petition to enforce the settlement agreement filed by Plaintiffs Megan McKeon, Laila Neal and Tina Neal on January 8, 2021.  (Doc. 116.)  Defendants opposed the motion on January 21, 2021.  (Doc. 118.)  During pendency of the petition, Plaintiffs filed an amended request for dismissal pursuant to Federal Rule of Civil Procedure 41, (Doc. 129), which will be addressed by separate order.  The Court deemed the petition to enforce the settlement agreement suitable for decision without oral argument and the matter was submitted on the papers and record.  (Doc. 134.)

**I.      Background**

The parties participated in a series of settlement conferences before a United States Magistrate Judge.  (*See* Docs. 98, 104.)  On February 19, 2020, the matter settled, and the parties placed the terms

1

of the settlement on the record.  The settlement conference judge vacated all dates and directed that the Court would retain jurisdiction to enforce the settlement agreement for a period of six (6) months after dismissal.  (Docs. 104, 106.)

On June 18, 2020, the Court approved the minor's compromise in this action.  (Doc. 113.) Thereafter, on July 10, 2020, the parties filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  (Doc. 114.)  In light of the stipulated dismissal, the action was terminated by operation of law and the Court closed the case on July 13, 2020.  (Doc. 115.)

On January 8, 2021, Plaintiffs filed the instant petition to enforce the settlement agreement, arguing that Defendants failed to pay the remaining settlement balance of $115,000.  (Doc. 116.) Defendants opposed the petition, asserting that the Court lacks jurisdiction to enforce the settlement agreement.  (Doc. 118.)  Defendants also filed a request for judicial notice of certain court orders in this action.[1]  (Doc. 119.) Over several months, the Court held status conferences with the parties to determine whether Defendant would pay the balance due. Thereafter, the Court required the parties to meet to determine whether Defendant would uphold the settlement agreement and pay the remaining settlement balance. (Doc. 122, 128.) Following the meet and confer, payment still has not been made. (Doc. 128.)

## II.     Petition to Enforce Settlement Agreement

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) "Federal courts have no inherent power to enforce settlement agreements entered into by parties litigating before them." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (internal quotation marks and citations omitted). "Rather, courts have ancillary jurisdiction to enforce a

---

[1]     Defendants filed a request for judicial notice of orders from this Court's own docket.  (Dos. 119.)  In particular, Defendants request judicial notice of minutes issued on February 19, 2020 (Doc. 104), a minute order issued on July 13, 2020 (Doc. 115) and orders issued on February 19, 2020 and June 18, 2020 (Docs. 105, 113).  As these documents are part of the docket in this action, the request for judicial notice is unnecessary and is DENIED as moot.  *See, e.g.*, *Ennis v. Mortg. Tree Lending, Inc.*, No. 2:08-cv-01301 GEB-EFB, 2009 WL 3642786, at *1 n. 1 (E.D. Cal. Oct. 30, 2009); *Harris by & through Lester v. Cty. of Sacramento*, No. 2:17-CV-02346-MCE-AC, 2018 WL 3752176, at *3 n. 3 (E.D. Cal. Aug. 8, 2018) (finding request for judicial notice of a pleading on the Court's own docket unnecessary); *Vang v. Lopey*, No. 2:16-CV-2172-JAM-CMK, 2017 WL 1540330, at *1 n. 1 (E.D. Cal. Apr. 28, 2017) ('The Court does not need to take judicial notice of documents on its own docket.").

settlement agreement only 'if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* (quoting *Kokkonen*, 511 U.S. at 381.)

To preserve jurisdiction, the dismissal order must "expressly reserve jurisdiction or incorporate the terms of the settlement agreement." *Ortolf v. Silver Bar Mines*, 111 F.3d 85, 87 (9th Cir. 1997) (no jurisdiction where the dismissal order included reservation of a right for plaintiff to reinstitute the lawsuit if the settlement agreement was not performed); *Prince v. Stewart*, 834 F. App'x 402 (9th Cir. 2021) (finding district court properly denied motion to enforce the settlement agreement because the court had previously dismissed the action with prejudice and did not expressly retain jurisdiction or incorporate the terms of the settlement agreement in its dismissal order).  The reservation must be explicit, cannot be implied, and is interpreted narrowly.  *Porter v. Spencer*, No. 1:07-CV-0825 AWI SMS, 2018 WL 6198468, at *2 (E.D. Cal. Aug. 13, 2018).

The stipulation of dismissal in this case does not contain any provision regarding the Court's retention of jurisdiction or incorporating the terms of the settlement agreement; it only states:

> Pursuant to F.R.CIV.P.41 (a)(1)(A)(ii), IT IS STIPULATED by and between the parties hereto that this action may be dismissed with prejudice as to all parties; each party to bear his/her/its own attorneys' fees and costs.  This stipulation is made as the matter has been resolved to the satisfaction of all parties.

(Doc. 114.)  Based on the stipulation, the action was terminated by operation of law without further order from the Court.  Fed. R. Civ. P. 41(a)(1)(A)(ii).  (Doc. 115.)  The Court's minute order, issued on July 13, 2020, stated in relevant part, as follows:

> On July 10, 2020, the parties filed a stipulation of dismissal of this action in its entirety with prejudice. (Doc. No. 114). In light of the stipulated dismissal, this action is terminated by operation of law without further order from the Court. Fed. R. Civ. P. 41(a)(1)(A)(ii).

(Doc. 115.)  The Court vacated all dates and directed the Clerk of the Court to close the case.  (*Id.*)

Although the settlement judge stated that the Court would retain jurisdiction to enforce the settlement agreement for a period of six (6) months following dismissal of the action with prejudice, (*See* Docs. 104, 105), the settlement judge's directives were neither included in nor incorporated into

the parties' stipulation of dismissal or, critically, the dismissal order.  The Court recognizes that one provision contained in the settlement agreement itself, but not in the stipulation of dismissal, states:

> It is further agreed that the Parties and the instant Court have agreed that the United States District Court, for the Eastern District of California, is to retain jurisdiction to enforce the terms of this Agreement, for a period of 6-months from the date Plaintiffs' Dismissal is filed with prejudice.

(Doc 116-1, Ex. A to Declaration of Rachelle Taylor Golden, Settlement Agreement and General Release at ¶ 1.e.ii.)  Such a reservation of jurisdiction in the settlement agreement is not effective. *Porter,* 2018 WL 6198468, at *2.  "Because the settlement agreement was not incorporated into the dismissal of the case, it is only a contract between the parties and does not generate jurisdiction." *Id.* (citation omitted); *O'Connor v. Colvin,* 70 F.3d 530, 532 (9th Cir. 1995) (An order for dismissal that merely states it is "based on" or "pursuant to" a settlement does not embody the agreement, and there is no ancillary jurisdiction to enforce the agreement.)

Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute arising under the settlement agreement is a separate contract dispute that requires its own independent basis for jurisdiction. *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016).  Without some other basis for federal jurisdiction, the court cannot exercise jurisdiction over a state law claim. *See Zone Sports Center Inc. LLC v. Red Head, Inc.*, No. 11-cv-0634 JST, 2013 WL 2252016, at *2 (N.D. Cal. May 22, 2013) ("Unless a federal court expressly retains jurisdiction over the enforceability or validity of a settlement agreement, a federal court cannot entertain an action to enforce or undo a settlement agreement if that action lacks an independent basis for federal jurisdiction."). The parties have not alleged, and the Court cannot ascertain any basis for federal jurisdiction over the validity of the settlement agreement.  *See Gradford v. Tiexiera*, No. 1:17-cv-00201-DAD-GSA (PC), 2020 WL 5362404, at *3 (E.D. Cal. Sept. 8, 2020). The Court, therefore, does not have a basis for jurisdiction. While the parties may have agreed for the Court to retain jurisdiction to enforce the settlement, for exactly what has occurred here, defendants' failure to pay the balance of settlement amount, the Court's limited jurisdiction does not permit enforcement. Plaintiffs' petition to enforce the settlement agreement will be denied.

////

4

**III.     Conclusion and Order**

For the reasons stated, Plaintiffs' petition to enforce the settlement agreement is DENIED.

IT IS SO ORDERED.

Dated:    **September 15, 2021**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE