UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN MCKEON; LAILA NEAL, a minor by and through her GUARDIAN AD LITEM, TINA NEAL; and TINA NEAL,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL VALLEY COMMUNITY SPORTS FOUNDATION, a Non-Profit Corporation dba GATEWAY ICE CENTER; and JEFF BLAIR, an individual,<br><br>Defendants. | Case No.  1:18-cv-00358-BAM<br><br>**ORDER DENYING AMENDED REQUEST FOR DISMISSAL**<br><br>(Doc. 129)<br><br>**ORDER DENYING REQUEST FOR JUDICIAL NOTICE AS MOOT**<br><br>(Doc. 133) |

Currently before the Court in this closed action is an Amended Request for Dismissal pursuant to Federal Rule of Civil Procedure 41 filed by Plaintiffs Megan McKeon, Laila Neal, and Tina Neal on June 11, 2021.  (Doc. 129.)  Defendants Central Valley Community Sports Foundation dba Gateway Ice Center and Jeff Blair ("Defendants") opposed the motion on June 28, 2021.  (Doc. 131.)  Defendants also filed a request for judicial notice in support of their opposition.  (Doc. 132.)  Plaintiffs replied on July 6, 2021.  (Doc. 135.)  The Court deemed the matter suitable for decision without oral argument and the matter was submitted on the papers and record.  (Doc.  130, 134.)

**I.     Background**

The parties participated in a series of settlement conferences before a United States Magistrate Judge.  (*See* Docs. 98, 104.)  On February 19, 2020, the matter settled, and the parties placed the terms

1

1  of the settlement on the record.  The settlement conference judge vacated all dates and directed that the

2  Court would retain jurisdiction to enforce the settlement agreement for a period of six (6) months after

3  dismissal.  (Docs. 104, 106.)

4        On June 18, 2020, the Court approved the minor's compromise in this action.  (Doc. 113.)

5  Thereafter, on July 10, 2020, the parties filed a stipulation of dismissal pursuant to Federal Rule of

6  Civil Procedure 41(a)(1)(A)(ii).  (Doc. 114.)  In light of the stipulated dismissal, the action was

7  terminated by operation of law and the Court closed the case on July 13, 2020.  (Doc. 115.)

8        On January 8, 2021, Plaintiffs filed a petition to enforce the settlement agreement based on

9  Defendants' failure to issue a second check on December 18, 2020, in the amount of $115,000.00,

10  under the terms of the settlement.  (Doc. 116 at 2.) The Court denied the petition on September 15,

11  2021, based on a lack of jurisdiction because the dismissal order did not expressly retain jurisdiction to

12  enforce the settlement agreement, nor did it incorporate the terms of the settlement agreement.  (Doc.

13  136.)

14        On June 11, 2021, while the petition to enforce the settlement agreement was pending,

15  Plaintiffs filed the instant amended request for dismissal.  (Doc. 129.)  By the request, Plaintiffs seek

16  an amended dismissal order under Federal Rule of Civil Procedure 41(a)(2), dismissing the complaint

17  with prejudice and retaining jurisdiction over the matter for the sole purpose of enforcing the

18  settlement agreement.  (*Id.* at 1.)  Defendants opposed the request for amended dismissal and filed a

19  request for judicial notice.[1]  (Docs. 131, 133.)  Plaintiffs replied on July 6, 2021, requesting an

20  amended dismissal order pursuant to Federal Rule of Civil Procedure 60(a), (b)(1), (b)(3) and (b)(6).

21  (Doc. 135.)

22  ///

---

[1]     Defendants filed a request for judicial notice of documents and orders from this Court's own docket.  (Doc. 133.) In particular, Defendants request judicial notice of minute orders (Docs. 104, 115), orders (Docs. 105, 113), and the parties' briefing on Plaintiff's petition to enforce the settlement agreement (Docs. 116, 118) and Plaintiffs' amended request for dismissal (Doc. 129).  As these documents are part of the docket in this action, the request for judicial notice is unnecessary and is DENIED as moot.  *See*, *e.g.*, *Ennis v. Mortg. Tree Lending, Inc.*, No. 2:08-cv-01301 GEB-EFB, 2009 WL 3642786, at *1 n. 1 (E.D. Cal. Oct. 30, 2009); *Harris by & through Lester v. Cty. of Sacramento*, No. 2:17-CV-02346-MCE-AC, 2018 WL 3752176, at *3 n. 3 (E.D. Cal. Aug. 8, 2018) (finding request for judicial notice of a pleading on the Court's own docket unnecessary); *Vang v. Lopey*, No. 2:16-CV-2172-JAM-CMK, 2017 WL 1540330, at *1 n. 1 (E.D. Cal. Apr. 28, 2017) ('The Court does not need to take judicial notice of documents on its own docket.").

**II.     Amended Request for Dismissal**

    **A.  Parties' Positions**

In their moving papers, Plaintiffs request that the Court issue an amended dismissal order under Federal Rule of Civil Procedure 41(a)(2), dismissing the action with prejudice, but retaining jurisdiction to enforce the settlement agreement "in an effort to honor the intent of the Parties at the time the Stipulated Judgment was executed." (Doc. 129 at 2.) Plaintiffs report that Defendants refused to stipulate to any amended dismissal. (*Id.* at 1.)

In opposition, Defendants reassert their previous arguments that the Court lacks jurisdiction to enforce the settlement agreement because the Court did not expressly retain jurisdiction or incorporate the terms of the settlement agreement in its dismissal order. Defendants further contend that Plaintiffs' amended request for dismissal is procedurally faulty, noting that Plaintiffs offer no authority demonstrating that Rule 41(a)(2) provides them with relief. (Doc. 131.)

In reply, Plaintiffs abandon their argument that relief is appropriate under Rule 41(a)(2). Plaintiffs now assert new bases for relief under Federal Rule of Civil Procedure 60. (Doc. 135 at 2) (citing Rule 60(a), (b)(1), (b)(3) and (b)(6).)

    **B.  Discussion**

As indicated, Plaintiffs seek relief under Rule 60 and make two main arguments. First, Plaintiffs contend that Rule 60(a) allows the Court to correct a mistake and amend the dismissal order to reflect the parties' intention that the Court retain jurisdiction to enforce the settlement agreement.[2] (Doc. 135 at 3.) Plaintiffs argue that the evidence before the Court is clear that the parties and the Court intended to have the court retain jurisdiction to enforce the settlement agreement. (Doc. 135 at 3.) In support, Plaintiffs cite *Harman v. Harper*, 7 F.3d 1455 (9th Cir. 1993), in which the Ninth Circuit stated that "a district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision." *Id.* at 1457.

---

[2] Plaintiffs also reference Rule 60(b)(1), which allows the Court to relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." (Doc. 135 at 2.) Plaintiffs argue that the omission of the Court's continuing jurisdiction from the stipulation of dismissal was an inadvertent mistake. However, Plaintiffs' case citations and argument center on application of Rule 60(a). (*Id.* at 2-3.) The Court therefore limits its discussion to Rule 60(a).

Rule 60(a) provides in relevant part that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) "may be invoked to change clerical mistakes, omissions or oversights in a judgment, order or the record." *DePrins v. Clark*, 566 Fed.App'x. 608, 610 (9th Cir. 2014) (citing Fed. R. Civ. P. 60(a)). These clerical errors include "blunders in execution" by the court, such as computational mistakes, errors in transcribing a judgment, specifying that a dismissal was without prejudice when that is what the court intended, or other similar clarifications. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297–98 (9th Cir. 2014).

Here, the failure to specify the Court's retention of jurisdiction was not an error of transcription, copying, calculation or other blunder in execution by the Court. The parties did not ask the Court to retain settlement enforcement authority or jurisdiction when they stipulated to dismiss the case with prejudice. (*See* Doc. 114, Joint Stipulation for Dismissal Pursuant to F.R.Civ.P. 41(a)(1)(A)(ii).) "While Rule 60(a) allows a court to correct some of its own errors, it does not allow it to fix the parties' own mistakes." *Sin Ho Nam v. Quichocho*, No. 1:10-CV-00007, 2012 WL 2550595, at *1 (D. N. Mar. I. Feb. 21, 2012) (denying motion to amend dismissal order under Rule 60(a) because failure to retain jurisdiction resulted from parties' mistake). Rule 60(a) does not provide a basis for relief from the dismissal order.

As a second basis for relief, Plaintiffs contend that repudiation of the settlement agreement by Defendants constitutes an exceptional circumstance under Rule 60(b)(6) justifying modification of the Court's dismissal order.[3] (Doc. 135 at 4-6.) Under Rule 60(b)(6), a district court may relieve a party from a final judgment, order or proceeding for "any . . . reason that justifies relief." However, a party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances." *Keeling v. Sheet Metal*

---

[3]  Plaintiffs also reference Rule 60(b)(3), which allows the Court to relieve a party from a final judgment or order due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Plaintiffs contend that "fraudulent inducement" is an appropriate reason to amend the dismissal order, but Plaintiffs' case citations and related arguments are based on application of Rule 60(b)(6). (Doc. 135 at 4-6.) The Court therefore limits its discussion to Rule 60(b)(6).

4

*Workers Int'l Ass'n, Loc. Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) ("Generally, only 'extraordinary circumstances' justify relief under the rule.")  The Ninth Circuit has stated that "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *see also Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

"In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not . . . reopen the underlying litigation after dismissal." *Keeling*, 937 F.2d at 410.  In some circumstances, "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order." *Id.*  (finding relief from order of dismissal appropriate where there was "repudiation, or 'complete frustration,' of the settlement agreement"); *see also Whitaker v. AA Haroon LLC*, No. CV 19-2988 PA (SSx), 2020 WL 7051343, at *2 (C.D. Cal. Sept. 8, 2020); *Uriarte-Limon v. Shinedling*, No. ED CV 19-729PA (SKx), 2020 WL 6694336, at *2 (C.D. Cal. Aug. 13, 2020). To justify relief under Rule 60(b)(6), the repudiation must amount to a complete frustration of the settlement agreement and not merely a single breach or disagreements over proper interpretation. *Sunnergren v. Cate*, No. C 12-0979 LHK (PR), 2015 WL 6667478, at *2 (N.D. Cal. Nov. 2, 2015) (noting that where there is evidence of "bad faith noncompliance," repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance justifying vacating the court's dismissal order).

Plaintiffs allege that Defendants "have not made any attempt whatsoever to satisfy the remaining settlement balance nor have they made any assurances that they intend to pay the remaining amount, ever." (Doc. 135 at 5.)  Plaintiffs assert that Defendants' silence as to any effort to make good on their contractual obligations "speaks loudly of their intention to never actually pay what is owed to Plaintiffs." (*Id.*) Additionally, Plaintiffs posit that if Defendants "actually intended to satisfy their obligations they would have adhered to the original express intent of the settlement agreement and the Stipulation for Entry of Judgment and would have simply agreed to amend the Dismissal as requested." (*Id.*)  Plaintiffs conclude that "the fact that defendants have consistently avoided payment

and are attempting to force Plaintiffs to open up an entirely new case in a new forum is evidence that Defendants fraudulently induced Plaintiffs to sign the agreement and Stipulate to a Judgement when Defendants never had any intention of paying what is owed." (*Id.*)

Plaintiffs have not presented evidence that Defendants' actions represent extraordinary circumstances justifying the requested relief. Plaintiffs' assertions regarding Defendants' intentions are, at best, conjecture. There is no evidence that Defendants' actions amounted to complete frustration of the agreement or bad faith noncompliance. Rather, the evidence before the Court suggests that Defendants breached the settlement agreement by failing to provide the promised second payment. Such a "scenario presents the typical situation in which [Plaintiffs'] remedy is to sue for a breach of the settlement agreement in a new action rather than to reopen these dismissed proceedings." *Whitaker*, 2020 WL 7051343, at *3; *Joe Hand Promotions, Inc. v. Rangee*, No. 2:13-cv-00939-MCE-CKD, 2013 WL 6859001, at *3 (E.D. Cal. Dec. 24, 2013) (finding allegations that defendant had failed to make payments as required not sufficient to justify relief under Rule 60(b)(6) because plaintiff did not allege a complete frustration of the settlement agreement). Further, Plaintiffs neither requested that the Court retain jurisdiction in the stipulation for dismissal nor sought to incorporate the terms of the settlement agreement into the dismissal order. Plaintiffs therefore cannot establish circumstances beyond their control justifying relief under Rule 60(b)(6). *Alpine Land & Reservoir Co.*, 984 F.2d at 1049; *Whitaker*, 2020 WL 7051343, at *3.

### III. Conclusion and Order

For the reasons stated, Plaintiffs' Amended Request for Dismissal is DENIED.

IT IS SO ORDERED.

Dated: **November 22, 2021**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE